```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| LOUIE MOURATIDIS, et al., : | |
| Plaintiff, : | Civil No. 11-4359 (JBS) |
| v. : | |
| ERIC M. TAYLOR, et al., : | **MEMORANDUM AND ORDER** |
| Defendants. : | |

It appearing that:

1. On July 28, 2011, the Clerk docketed the instant Complaint. The Complaint named forty-two persons as Plaintiffs in this matter (with Louie Mouratidis ("Mouratidis") being named first), referring to Mouratidis as a seemingly self-designated representative of a seemingly self-certified class of pre-trial detainees housed at the Camden County Correctional Facility ("CCCF").  See Docket Entry No. 1. The Caption of the Complaint lists only Mouratidis and Javon O'Neal ("O'Neal") by name and notes other plaintiffs as "'Inmates' in 3SB & 4SB in & at Camden County Correctional Fasility [sic]." See id. at 1.  The Complaint itself was signed solely by Mouratidis, see id. at 30, but was accompanied by a "Signed Petition," see id. at 34, listing the printed names of forty plaintiffs in addition to Mouratidis and O'Neal.

2.  No filing fee was received from any plaintiff.  Mouratidis submitted a deficient in forma pauperis application. (Mouratidis's application did not include a six-month institutional account statement certified by an Authorized Officer of the Institution as required by 28 U.S.C. § 1915(a)(2).)  No in forma pauperis application was received from O'Neal or any of the additional plaintiffs.

3.  Plaintiffs' application for class certification will be denied.  Since only Mouratidis signed the Complaint, and since no other Plaintiffs paid the filing fee or applied to proceed in forma pauperis, this Court has no certainty that all other named Plaintiffs intend to incur the financial responsibility and legal consequences associated with initiation of this action.  See Fed. R. Civ. P.11(a)(requiring each plaintiff to sign the complaint); 28 U.S.C. § 1914(a)(the filing fee for a civil rights complaint it $350.00); 28 U.S.C. § 1915(b)(if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee); Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009)(litigants proceeding as joint plaintiffs are subject to $350.00 assessment each if they proceed in forma pauperis); Hairston v. Gronolsky, 348 Fed. App'x 716 (3d Cir. 2009)(regardless of the litigant's willingness or

2

      unwillingness to be assessed the filing fee, the litigant's "legal obligation to pay the filing fee [is automatically] incurred by the initiation of the action itself"). Moreover, the facts of the Complaint do not indicate that the requirements of Rule 23 would be met since the Court cannot establish numerosity from the allegations made therein, as the limited factual allegations as presented might be factually unique to some but not applicable to other Plaintiffs. See Fed. R. Civ. P. 23.

4.     The Court, however, cannot rule out the possibility that Mouratidis and/or any/all other Plaintiff(s) named in the document appended to the Complaint might wish to prosecute his/their own claims and would be able to file amended complaints detailing the specific facts which each Plaintiff bona fide believes to be indicative of his rights being violated.

      THEREFORE, it is on this __**15th**__ day of __**September**__, 2011;

      ORDERED that Plaintiffs' application for class certification is DENIED; and it is further

      ORDERED that the Complaint, Docket Entry No. 1, is DISMISSED. Such dismissal is without prejudice to Plaintiffs' filing of individual amended complaints which conform to the Federal Rules of Civil Procedure; and it is further

ORDERED that the Clerk shall terminate all Plaintiffs in this matter, except for Louie Mouratidis; and it is further

ORDERED that the Clerk shall administratively terminate this matter, subject to reopening in the event Louie Mouratidis submits, within 45 days from the date of entry of this Order, his amended complaint asserting his own challenges, together with his filing fee of $350.00 or with his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall open forty-one new matters for the additional Plaintiffs, listed as #2-15 and 17-43 on the "Signed Petition," see Complaint at 34:

```
2.   Angel Nieves AKA Angel Gomez #245741
3.   Scott Taylor #248815
4.   M. Douglas #253101
5.   Stephen Hanssens #253020
6.   William J. Henderson #252805
7.   Thomas Arnone #246980
8.   Eddie Satiago #250984
9.   Robert Naumann #252432
10.  Anevri Brito #247388
11.  Anthony Mack #252821
12.  Brad Moz
13.  Gary Clark #252871
14.  Eusebio Osorio #252902
15.  Quameer Hence #252734
16.  (Duplicate name of entry 15)
17.  Javon O'Neal #251400
18.  David Medina
19.  Sanders Kendrick III #252434
20.  Troy Rahn #249550
21.  Keith Edelin #252427
22.  John Nutt #251966
23.  Joshua Campbell #252213
24.  Steven Kekulak #246496
25.  Otto Simpson #252888
26.  Clarence Bluford #253141
27.  Kenneth Minter #252699
```

```
28.  Alberto Perez #252639
29.  Colin Hunter #251206
30.  Jeffrey Carr #252857
31.  Kenneth Collins #250870
32.  Eric Durst #252403
33.  Rixal Aozoa #253137
34.  Bobby Williams #252247
35.  Troy Hessert #251199
36.  Jeremiah Medina #252944
37.  Jaime Alvarez #246826
38.  Joseph R. Pinto Jr. #25194
39.  Joshua Adam O'Toole #253053
40.  Travis Rastelli #252867
41.  Shay Massey #253319
42.  Kyle Johns #251721
43.  Jameel Jefferson #253204
```

designating each of these individuals as "Plaintiff" in his respective new matter and "Eric Taylor, Warden of Camden County Correctional Facility" as "Defendant" in each of these new matters; and it is further

ORDERED that the Clerk shall docket the instant Complaint, Docket Entry No. 1, in each such new matter; and it is further

ORDERED that the Clerk shall designate, in each such new matter, "Cause:42:1983 Prisoner Civil Rights" and "Jurisdiction: Federal Question"; and it is further

ORDERED that the Clerk shall administratively terminate each of these newly opened matters, subject to reopening in the event the Plaintiff designated in the matter submits, within 45 days from the date of entry of this Order, his amended complaint stating the Plaintiff's individual claims and designating appropriate defendants with regard to those claims.  Each such submission should be made together with the Plaintiff's filing

fee of $350.00 or his duly executed in forma pauperis application; and it is further

ORDERED that the Clerk shall serve copies of this Order upon all Plaintiffs by regular U.S. Mail.  Each such mailing shall include a blank civil complaint form and blank in forma pauperis application form for litigants seeking to file a civil complaint for use by a prisoner; and it is further

ORDERED that each of the Clerk's mailings to Plaintiffs (excluding Mouratidis) shall also include a copy of the docket sheet of the new matter opened for that particular Plaintiff; and it is finally

ORDERED that no statement made in this Order shall be construed as expressing this Court's opinion about either procedural or substantive validity (or invalidity) of the claims that might be alleged by any Plaintiff referred to in this Order.


                                  **s/ Jerome B. Simandle**
                                  Jerome B. Simandle
                                  United States District Judge